# IN RE JAIME S.*
## (SC 18629)

Rogers, C. J., and Norcott, Palmer, Zarella, McLachlan, Eveleigh and Vertefeuille, Js.

Argued January 4—officially released March 1, 2011

*David J. Reich,* for the appellant (respondent).

*Howard I. Gemeiner,* for the appellee (petitioner).

*David E. Cosham,* for the minor child.

*Richard Blumenthal,* former attorney general, and *Benjamin Zivyon* and *John E. Tucker,* assistant attorneys general, filed a brief for the department of children and families as amicus curiae.

*Opinion*

PER CURIAM. In 2007, the petitioner mother initiated proceedings to terminate the parental rights of the

---

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

respondent father with respect to the parties' minor child. In January, 2009, a two day hearing was held, which the respondent was not able to attend in person due to his detention by immigration authorities in New Mexico. The respondent was represented at the hearing by counsel and participated on the first day of the hearing via telephone. On the second day, the immigration authorities prevented him from participating. The trial court denied the request of the respondent's counsel to continue the hearing until the respondent's telephone privileges were restored. The trial court provided the respondent's counsel with a transcript of the hearing, which counsel used for preparing a posttrial brief. Counsel did not request that the proceedings be opened or that he be afforded the opportunity to question further any witness. The court thereafter granted the termination petition.

The respondent appealed from the trial court's judgment to the Appellate Court, arguing, inter alia, that the trial court violated his right to due process by denying his motion for a continuance. *In re Jaime S.*, 120 Conn. App. 712, 736, 994 A.2d 233 (2010). The Appellate Court, after applying the test set forth in *Mathews* v. *Eldridge*, 424 U.S. 319, 334–35, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976),[1] disagreed. The Appellate Court emphasized that the only person who testified on the second day of trial was the respondent's own witness, a court-appointed expert who had examined only the child and not the respondent, that the expert had prepared a report well before trial, which the respondent had had an opportunity to review and to discuss with his attor-

---

[1] "That test requires a consideration of the private interest that will be affected by the official action, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards, and the [g]overnment's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." (Internal quotation marks omitted.) *In re Jaime S.*, supra, 120 Conn. App. 738.

ney, that the trial transcript had been made available to the respondent, who nevertheless failed to file a motion to open the evidence to reexamine the expert, and that the trial court's decision terminating the respondent's parental rights was based on evidence other than the expert's testimony. *In re Jaime S.*, supra, 741–42. The Appellate Court also took into consideration that it was unclear when the respondent's telephone privileges would be restored and when his immigration status would be resolved, that the respondent faced the risk of deportation, and that substantial delay would be contrary to the best interest of the child, who allegedly feared the respondent. Id., 742–44. The Appellate Court affirmed the trial court's judgment, concluding that there was little risk of error to the respondent's interest stemming from his absence on the second day of trial and that the probable value of any additional safeguards was low. Id., 744.

This court subsequently granted the respondent's petition for certification to appeal from the judgment of the Appellate Court, limited to the following issue: When a respondent is prevented from participating fully in a termination of parental rights proceeding due to his incarceration but is represented by counsel, are the respondent's due process rights violated if the trial court does not ensure that the respondent personally is provided with a transcript of the proceedings and advised explicitly that he has the right to open evidence and to recall witnesses prior to a decision on the petition?[2] The respondent claims on appeal that the trial

[2] We originally granted certification to appeal limited to the following issue: "In a termination of parental rights proceeding, are the constitutional due process rights of the incarcerated respondent violated if said respondent is not provided with a trial transcript and an opportunity to recall witnesses prior to the conclusion of testimony?" *In re Jaime S.*, 297 Conn. 915, 995 A.2d 954 (2010). After consideration of the record and the position advanced by the respondent at oral argument, we have reformulated the certified question to more accurately reflect the issue presented. See *State* v. *Ouellette*, 295 Conn. 173, 184, 989 A.2d 1048 (2010).

court's failure to provide him personally with a transcript and to advise him that he could recall witnesses prior to a decision on the petition amounts to a due process violation. He argues, relying on this court's decision in *In re Juvenile Appeal (Docket No. 10155)*, 187 Conn. 431, 446 A.2d 808 (1982), and related decisions of the Appellate Court, that he had statutory and due process rights to participate in the termination proceeding and that the trial court had an affirmative duty to provide him with a transcript and to ensure that he had the opportunity to recall witnesses. According to the respondent, because the trial court was not more proactive in ensuring that he had a chance to respond to the second day of testimony, his due process rights necessarily have been violated.

After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.